# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32719 (f rev)**

————————————

**UNITED STATES**
*Appellee*

v.

**Damien K. WELSH**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 6 April 2023

————————————

*Military Judge:* Sterling C. Pendleton.

*Sentence:* Sentence adjudged 24 August 2021 by SpCM convened at Aviano Air Base, Italy. Sentence entered by military judge on 27 October 2021: Bad-conduct discharge, confinement for 95 days, forfeiture of $400.00 pay per month for three months, reduction to E-1, and a reprimand.

*For Appellant:* Captain Thomas R. Govan, Jr., USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major Deepa M. Patel, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, ANNEXSTAD, and GRUEN, *Appellate Military Judges*.

Judge GRUEN delivered the opinion of the court, in which Chief Judge JOHNSON and Judge ANNEXSTAD joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

GRUEN, Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with his pleas and pursuant to a plea agreement, of four specifications of assault consummated by a battery against a spouse in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 95 days, forfeiture of $400.00 pay per month for three months, reduction to the grade of E-1, and a reprimand.

Appellant's case is before us a second time. Appellant originally raised two assignments of error: (1) whether the record of trial was incomplete, and (2) whether his sentence is inappropriately severe.[2] On 26 October 2022, we returned the record of trial to the Chief Trial Judge, Air Force Trial Judiciary, to resolve a substantial issue with the post-trial processing regarding the completeness of the record of trial. *United States v. Welsh*, No. ACM S32719, 2022 CCA LEXIS 631, at *3 (26 Oct. 2022) (order).

On 30 November 2022, the record of trial was returned to the court. We find the corrections on remand have resolved the first issue raised by Appellant. Appellant does not raise any additional assignments of error but preserves the raised issue regarding whether his sentence is inappropriately severe. Additionally, we have identified an issue with the entry of judgment (EoJ) which we address below. We find no error materially prejudicial to a substantial right of Appellant and affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty on 2 December 2014. He and AW, the victim in this case, were married on 17 December 2016. Between on or about 1 December 2020 and on or about 1 January 2021, Appellant and AW got into multiple physical altercations. These altercations, which started with both being frustrated with each other, resulted in heated arguments and Appellant physically assaulting AW on multiple occasions. Appellant admitted in his *Care*[3] inquiry that during the charged timeframe, he pushed AW with his hands, grabbed her wrists with his hand, and strangled her with his hands. The record

---

[1] All references to the UCMJ and the Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Appellant personally raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] *United States v. Care*, 40 C.M.R. 247 (C.M.A. 1969).

of trial includes photos of red marks and bruises on AW. In July 2021, Appellant and AW divorced.

## II. DISCUSSION

### A. Sentence Severity

Appellant contends his sentence, "in particular the adjudged bad-conduct discharge," is inappropriately severe because he took responsibility for his actions, pleaded guilty, and showed remorse. He further argues that the bad-conduct discharge was a punishment greater than necessary to promote justice under the unique circumstances of this case. Appellant's plea agreement required the military judge to sentence Appellant to confinement for no less than 60 days and no more than eight months. The plea agreement further contained the following statement: "For the charges and specifications for which I am pleading guilty, I agree that the military judge may sentence me to a bad conduct discharge." The military judge sentenced Appellant to a bad-conduct discharge, 95 days of confinement, forfeiture of $400.00 pay per month for three months, reduction to the grade of E-1, and a reprimand.

We review issues of sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006) (citation omitted). Our authority to determine sentence appropriateness "reflects the unique history and attributes of the military justice system, [and] includes but is not limited to considerations of uniformity and evenhandedness of sentencing decisions." *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citations omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (per curiam) (citations omitted). Although we have great discretion to determine whether a sentence is appropriate, we have no power to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

Appellant has cited mitigating circumstances to support his request that we "modify his sentence, and at minimum, disapprove the imposition of a bad-conduct discharge." Specifically, Appellant stated his conduct was "limited to isolated instances that occurred in a confusing, difficult, and extremely stressful time both in his life and in his dysfunctional marriage with AW" and noted he apologized to AW for his conduct at his court-martial. He also cited "extenuating circumstances" to support his contention that his conduct was inconsistent with his character and thus did not merit a bad-conduct discharge. Specifically, he and AW served various temporary duty assignments that kept

them separated after they married, and when they did unite, it was in an overseas location away from their families and during a global pandemic—which added to isolation caused by lockdowns.

We have considered the mitigating and extenuating circumstances as well as the aggravating circumstances in Appellant's case. Particularly aggravating are the facts that he assaulted AW on multiple occasions, kicked her with his foot in her chest on one occasion, and strangled her on another. Appellant's assaults left AW with red marks and bruising. The strangulation is particularly aggravating in that Appellant stipulated to the fact that as he strangled AW, his hands were pressed against her windpipe and she could not breathe. Appellant also stipulated that during that incident, AW was "afraid for her life and struggled to get free." We have carefully considered Appellant, his record of service, his personal circumstances, and the entirety of the record of trial, and we conclude Appellant's adjudged sentence is not inappropriately severe.

## B. Entry of Judgment

We turn now to an issue not raised by Appellant, but important to clarify—that the EoJ is inaccurate and requires correction. The EoJ cites the arraigned offense as "Art. 128a." This is incorrect; the proper arraigned offense is Article 128, UCMJ. We note the charge sheet and the Statement of Trial Results cite the correct UCMJ article. Rather than remand the case, this court will modify the EoJ in our decretal paragraph pursuant to our authority under Rule for Courts-Martial 1111(c)(2).

### III. CONCLUSION

The entry of judgment is modified as follows: the "Arraigned Offense(s)" for the Charge is modified by excepting the letter "a" after "Art. 128." The findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence, as reflected in the modified entry of judgment, are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court